**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| DIRECTV, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 03-1969 |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PATRICIA ASHER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____


**Appearances:**

    Marc E. Wolin, Esquire
    Saiber Schlesinger Satz & Goldstein, LLC
    One Gateway Center
    13th Floor
    Newark, NJ 07102-5311
        Attorney for Plaintiff

**RODRIGUEZ, Senior District Judge.**

This matter comes before the Court on motion of Plaintiff Directv, Inc. ("Directv") for default judgment [26] against defendant Patricia Asher ("Asher") pursuant to FED. R. CIV. P. 55.  For the reasons set forth below, Directv's motion will be granted.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Directv distributes satellite television broadcasts throughout the United States on a subscription basis.  Directv electronically scrambles the programming and transits it from

1

satellites to Directv subscribers who receive the signals through the use of Directv hardware, including a satellite dish, an integrated receiver, a Directv access card and cabling.  A number of companies have engaged in the design, manufacture, and sale of illegal equipment designed to modify or circumvent Directv's signal-scrambling technology.

On November 29, 2001, Directv, along with the U.S. Marshal Service, searched a mail shipping facility and obtained a substantial amount of sales and shipping records, emails, credit card receipts and other records.  During the search, Directv obtained business records, which indicated that Asher purchased a Pirate Access Device from DSS Pro on or about March 21, 2001.

On April 30, 2003, Directv filed a Complaint against Asher, alleging, inter alia, violations of 47 U.S.C. § 605 and 18 U.S.C. §§ 2510-2512.  Asher was served with the Complaint on May 14, 2003, and has not filed an Answer.  Directv has moved for Default Judgment against Asher, seeking $10,000 in statutory damages pursuant to 18 U.S.C. § 2520 for a single violation of 18 U.S.C. §§ 2511 of 2512, $720 in attorney's fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and injunctive relief pursuant to 47 U.S.C. § 605(e)(3)(B)(i).

## DISCUSSION

**A. Standard on Motion for Default Judgment**

A party is not entitled to the entry of a judgment of default as of right, because the

2

entry of such a judgment is left primarily to the discretion of the district court.  Hritz v. Woma, 732 F.2d 1178, 1180 (3d Cir. 1984).  A defendant is deemed to have admitted the factual allegations of the Complaint by virtue of his default, except those factual allegations related to the amount of damages.  See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998).  The Court need not accept the moving party's legal conclusions, because "[e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  Id. § 2688, at 63.  See also Directv v. Croce, 332 F. Supp 2d 715, 717 (D.N.J. 2004).

Before entering a judgment of default, a court must consider: (1) whether there would be prejudice to the plaintiff if no default judgment was entered; and (2) whether a meritorious defense has been asserted by the defendant.  See Livingston Powdered Metal, Inc. v. NLRB, 669 F.2d 133, 136 (3d Cir. 1982); Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976).  Whether the default was willfully caused by the defendant is also a relevant factor.  Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951).  In considering these factors, a court must apply a standard of liberality so that any doubt is resolved in favor of hearing claims on their merits.  Medunic, 533 F.2d at 894.

In this case, the Court finds that the entry of a judgment of default is merited because Directv will be prejudiced if no default judgment is entered, as it has no other

means of vindicating its claim against Asher.  Asher has not responded in any fashion to

Directv's Complaint.  Asher clearly has not asserted any meritorious defense to Directv's

claims, nor has she offered any excusable reason for his default.  Therefore, entry of

default judgment is appropriate.

**B.  Liability**

    **1.  47 U.S.C. § 605**

    Title 47 U.S.C. § 605 provides, in pertinent part, that "no person receiving . . . any

interstate or foreign communication by wire or radio shall divulge or publish the

existence, contents, substance, purport, effect, or meaning thereof . . . to any person other

than the addressee, his agent, or attorney."  47 U.S.C. § 605(a)(1) (1996).  Here, Directv

alleges, and this Court must accept as true, that Asher received a satellite communication

and published its existence to someone other than the addressee.  Therefore, she is liable

under the statute.

    **2.  18 U.S.C. §§ 2511 and 2512**

    Title 18 U.S.C. § 2511 states, in pertinent part, that "any person who . . .

intentionally intercepts . . . any wire, oral, or electronic communication . . . shall be

subject to suit."  18 U.S.C. § 2511(1)(a) (2002).  Moreover, 18 U.S.C. § 2512 states, in

pertinent part, that "a person who intentionally . . . possesses . . . any electronic,

mechanical, or other device, knowing or having reason to know that the design of such

device renders it primarily useful for the purpose of the surreptitious interception of wire,

oral, or electronic communications . . . shall be fined under this title or imprisoned not more than five years, or both."  18 U.S.C. § 2512(1)(b) (2002).  Here, Directv alleges, and this Court must accept as true, that Asher intentionally and knowingly possessed and intercepted satellite communication.  Therefore, she is liable under these sections.

## C.  Monetary Damages

Directv, in its Complaint, alleged that Asher violated 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b) by purchasing and using an illegal access device to intercept its satellite transmissions with the intent of avoiding payment for these subscription-only services. Title 18 U.S.C. § 2520(a) provides that "any person whose . . . electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, . . . which engaged in that violation such relief as may be appropriate."  18 U.S.C. § 2520(a) (2001).  Such relief includes equitable relief, damages, reasonable attorney's fees and other litigation costs.  18 U.S.C. § 2520(b).

A plaintiff is entitled to receive either the sum of the actual damages suffered by it and any profits made by the violator as a result of the violation or statutory damages of the greater of $100 a day for each day of violation or $10,000, whichever is greater.  18 U.S.C. § 2520(c)(2).  Because statutory damages are designed to serve as a deterrent by penalizing the wrongdoer, they may be awarded regardless of whether a plaintiff actually suffered economic harm.  Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 216-17 (3d Cir. 2002).

Asher's actions have caused Directv to suffer economic loss.  By intercepting and decrypting Directv's satellite transmissions, Asher has avoided the burden of paying for subscription services while receiving the benefit.  Asher's violation began on or about March 21, 2001.  Directv argues that this Court should award the maximum statutory damages of $10,000 because "without [Asher's] appearance, Directv's actual damages are difficult to quantify."  (Pl. Br., p. 22.)  Given the need for this Court to fashion a statutory penalty sufficient to deter similar conduct, the Court will award $10,000.

**D.  Attorney's Fees**

A successful plaintiff is entitled to receive reasonable attorney's fees and other reasonable litigation costs under 18 U.S.C. § 2520(b)(3).  A successful plaintiff is also entitled to receive reasonable attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).  "The court shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii).  Therefore, Directv is entitled to receive the requested amount of $720.

**E.  Injunctive Relief**

A court may award "such preliminary and other equitable or declaratory relief as may be appropriate."  18 U.S.C. § 2520(b)(1).  In addition, a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) [of the Communications Act]" pursuant to 47 U.S.C. § 605(e)(3)(B)(i).  Therefore, Directv is entitled to receive an injunction permanently

6

enjoining Asher from committing or assisting in the commission of any further violation of 47 U.S.C. § 605, and 18 U.S.C. §§ 2511 or 2512.

## CONCLUSION

Based on the foregoing, Directv's Motion for Default Judgment will be granted. Directv's request for damages and attorney's fees in the amount of $10,720 against Asher will be granted and Asher will be permanently enjoined as discussed above.

An appropriate Order will issue this date.

/s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ, U.S.D.J.

DATED: March 14th, 2006